### The UNITED STATES
### v.
### Clarence Edward McDONALD, Edward Britt Wilson.
### Crim. No. 26286.

United States District Court,
N. D. Georgia,
Atlanta Division.
Sept. 29, 1970.

John W. Stokes, Jr., U. S. Atty., Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Robert B. Thompson, Gainesville, Ga., for defendants.

EDENFIELD, District Judge.

## ORDER

Defendants have filed a motion to suppress as evidence a quantity of non-tax-paid whiskey produced by an alleged illegal search of defendants' automobile and the testimony of law enforcement officers pertaining to the search.

The motion came on for hearing on June 18, 1970, and the evidence indicates that on September 4, 1969, Special Agent Arey of the Alcohol, Tobacco and Firearms Division, began surveillance in an area believed to be a transfer point for non-tax-paid whiskey. Such transfers are usually effectuated when, by prearrangement, a vehicle loaded with whiskey is parked and left by one party to be picked up by another party, usually acting on behalf of the purchaser, for the purpose of unloading the whiskey. The empty vehicle is returned in a similar manner.

On the evening of September 4, 1969, Agent Arey observed a 1963 Pontiac leave the parking area under surveillance followed by a vehicle driven by Defendant Wilson, a known liquor law violator. The agent recorded the license tag number of the 1963 Pontiac and a later check disclosed that the tag was registered to a different vehicle.

On the evening of September 11, 1969, the agent again stationed himself in the area. He observed the 1963 Pontiac driven into the parking area by Defendant McDonald and closely followed by Defendant Wilson in another vehicle. The Pontiac appeared to be heavily loaded and clothing covered the rear side windows. From his experience Agent Arey knew that persons transporting non-tax-paid whiskey often used clothing to cover the windows so as to obscure a view of the interior. Both vehicles were parked and defendants entered a tavern together. A few minutes later, defendants left the tavern, got into the vehicle driven by Wilson and departed, leaving the 1963 Pontiac unattended.

Agent Arey, upon inspecting the 1963 Pontiac, observed that the vehicle was equipped with heavy duty shocks and airlift springs and detected the odor of moonshine whiskey coming from the trunk. Agent Arey and a fellow agent forced the trunk open and found a quantity of non-tax-paid whiskey in plastic jugs. Defendants were subsequently arrested several blocks from the parking area and have been indicted for violation of 26 U.S.C. §§ 5205(a) (2), 5604(a) (1).

The court finds and defendants concede arguendo that there was probable cause to search the vehicle. Defendants contend, however, that the vehicle was in the custody of the agents at the time of the search in that the agents would not have permitted the vehicle to be moved. Defendants further contend that the vehicle was not likely to be moved, and therefore it was practicable for the agents to get a warrant prior to any search. The search without a warrant,

defendants allege, constitutes an illegal search in violation of defendants' Fourth Amendment guarantee.

Though mindful of the cases regarding the search of automobiles decided by the Fifth Circuit and relied on by defendants, the court finds that the decision in this case is controlled by the recent Supreme Court decision, in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In *Chambers*, defendant was arrested while traveling in an automobile. The car was driven to the police station, the keys to the car were under police control, and the car was subsequently searched without a warrant. In upholding the validity of the search, the Supreme Court stated that where an automobile is readily movable and the opportunity to search is fleeting,

"* * * [I]f an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search. * * * For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 U.S. at 51, 90 S.Ct. at 1981.

The car left by defendants in the instant case was more readily movable than the car in *Chambers*. The car was not in the actual custody of the agents and defendants were not in custody. Either defendants or another party could momentarily be expected to attempt to remove the automobile. Thus, the agents were faced with the situation contemplated by the Supreme Court in *Chambers*. The agents either had to seize the car and subsequently obtain a warrant, or search the car immediately. They chose the latter approach. In view

of the *Chambers* decision, since the agents had probable cause to search the vehicle, the search without a warrant in the instant case is not contrary to the Fourth Amendment.

Therefore, the motion to suppress is denied.